IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MURDOCK, | CASE NO. CV F 09-0547 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT'S ATTORNEY FEES MOTION** |
| vs. | (Doc. 29.) |
| COUNTY OF FRESNO, | |
| Defendant. | |

**INTRODUCTION**

Defendant County of Fresno ("County") seeks to recover $53,654.50 attorney fees[1] to defend and defeat on summary judgment plaintiff Edward Murdock's ("Mr. Murdock's") discrimination, harassment and retaliation claims arising from his employment as a legal assistant with the County's Public Defender's Office ("PDO"). Mr. Murdock responds that he "did not engage in any tactics which were unreasonable, disrespectful of the court and counsel's time and attention" and did not "attempt to circumvent aspects of discovery." This Court considered the County's attorney fees and costs motion on the record and VACATES the January 12, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES the County an attorney fees award.

---

[1] Given the County's pending bill of costs, this order will address only the County's attorney fees.

1

# BACKGROUND

## Disposition Of Mr. Murdock's Claims

Mr. Murdock's operative complaint ("complaint") alleged claims of discrimination, retaliation and harassment under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §§ 12900, et seq., and 42 U.S.C. §§ 1981 ("section 1981") and 1983 ("section 1983").

### *FEHA Discrimination*

The complaint's FEHA discrimination and retaliation claim alleged that the County "used and/or followed official policies, procedures and/or practices to discriminate against Plaintiff on the basis of his color and/or race" to "constitute unlawful employment practices" to violate FEHA. With its summary judgment motion, the County properly challenged Mr. Murdock's claims arising more than a year prior to his March 25, 2008 Charge of Discrimination ("DFEH charge") filed with the California Department of Fair Employment and Housing ("DFEH"). The County further properly challenged Mr. Murdock's discrimination claims beyond failure to respond to requests for performance evaluations in that Mr. Murdock's DFEH charge did not address other wrongdoing which Mr. Murdock claimed in this action.

As to the timeliness of Mr. Murdock's DFEH charge and in turn the viability of certain FEHA claims in this action, this Court's summary judgment decision concluded:

> Mr. Murdock fails to address the timeliness of his DFEH charge. This Court construes such failure as Mr. Murdock's concession that claims arising prior to March 28, 2007 are time barred. . . . As such, Mr. Murdock's FEHA claims are limited to those pertaining to delayed performance evaluations and arising after March 28, 2007.[2]

Turning to the scope of the DFEH charge and in turn the scope of Mr. Murdock's FEHA claims in this action, the summary judgment decision concluded:

> Mr. Murdock fails to address the limited scope of his DFEH charge. This Court construes such failure as Mr. Murdock's consession that his claims are limited to race discrimination arising from belated performance evaluations.

As such, Mr. Murdock's FEHA discrimination claim was distilled to whether he was discriminated

---

[2] Mr. Murdock appears to claim that incidents prior to March 28, 2007 "created a hostile work environment for Murdock." Mr. Murdock claims that his "employment experience is a continuum of conduct within an environment. Plaintiff experienced a series of acts by omission which cumulatively were significant to him as an African American."

against because his annual performance evaluations were delayed.

The summary judgment decision addressed the merits of Mr. Murdock's discrimination claim based on delayed performance evaluations:

> Mr. Murdock appears to claim that delayed performance reviews prevented his ascension to "satisfactory" status to qualify him for advancement to constitute an adverse action. However, during the applicable time frame since March 25, 2007, Mr. Murdock cannot point to a less than satisfactory performance evaluation. His last less than satisfactory evaluation was dated August 29, 2006, beyond the year limit preceding his DFEH charge. Moreover, Mr. Murdock offers no evidence that he was qualified for advancement and acknowledged in effect in his deposition that delayed evaluations were not the result of his race. The County correctly notes the absence of evidence of [supervisors] Ms. Diaz or Mr. Dockery's conduct "demonstrating racial animus." The County has demonstrated an absence of evidence to support a prima facie FEHA discrimination case arising from delayed performance evaluations.

In his papers to oppose the County's attorney fees, Mr. Murdock notes that "he felt his being African American contributed to the PDO [Public Defender's Office] attitude that he could be ignored and not promoted so he filed a complaint with the EEOC. Within weeks of the Defendant's receipt of the EEOC Complaint, Murdock was reviewed and promoted."

Turning to Mr. Murdock's other discrimination claims, the summary judgment decision concluded:

> Mr. Murdock does not address meaningfully his denied promotions as support for a FEHA discrimination claim. The County raises valid points that Mr. Murdock's denied promotions do not support FEHA discrimination. The County has demonstrated an absence of evidence to support a prima facie FEHA discrimination case arising from denied promotions.
> . . .
> Although Mr. Murdock takes issue with [coworkers] Ms. Ruble and Mr. Garza hitting him in 2002, the County notes that Mr. Murdock does not attribute the hitting to his race to vitiate [] an alleged discriminatory motive. The County has demonstrated an absence of evidence to support a prima facie FEHA discrimination case arising from Mr. Murdock's incidents with Ms. Ruble and Mr. Garza.
>
> In short, Mr. Murdock lacks a viable FEHA discrimination claim.

***FEHA Retaliation***

The County properly challenged Mr. Murdock's ability to demonstrate that he engaged in protected activity (filing the DFEH charge) prior to alleged retaliatory conduct. The summary judgment decision rejected a FEHA retaliation claim:

> The County argues that alleged misconduct arose prior to Mr. Murdock's DFEH

3

charge to defeat a causal link between his filing the DFEH charge and alleged adverse employment decisions. The County is correct, and Mr. Murdock appears to concede as much in that he points to no purported retaliation for filing his DFEH charge. In fact, effective May 5, 2008 and after the filing of his DFEH charge, Mr. Murdock was promoted to Legal Assistant II.

In his papers to oppose the County's attorney fees, Mr. Murdock notes his belief that "he did not receive step increases or a promotion at least in part because of his race and because he had complained about physical conduct by coworkers."

### *FEHA Harassment*

The complaint alleged "conduct and culture . . . to create a hostile environment both within the Public Defender as it relates to African American employees." The summary judgment decision noted that Mr. Murdock "appears to base a FEHA harassment claim on the absence of Blacks in the PDO, including in 'leadership roles'" and "fails to support his points with evidence or legal authority." The summary judgment decision concluded: "The record raises no factual issues as to frequent, recent, severe or physically threatening harassment to further warrant summary judgment for the County on the FEHA claim."

In short, Mr. Murdock lacked evidence to support discrimination, retaliation or harassment under FEHA.

### *Section 1981 Or 1983 Liability*

The complaint alleged a section 1981 violation that the County's "acts and omissions . . . constitute unlawful employment practices." The complaint alleged a section 1983 claim that the County "used and/or allowed official policies, procedures and/or practices to discriminate against Plaintiff on the basis of his race, in violation of the Fourteenth Amendment."

As to an actionable custom or policy to support a section 1981 or 1983 claim, the summary judgment decision concluded:

> In short, Mr. Murdock points to no policy to cause a constitutional violation. The County policy of annual performance evaluations is not unconstitutional, and Mr. Murdock does not claim as much. Mr. Murdock appears to claim failure to follow the policy is unconstitutional but provides no authority for such notion. Mr. Murdock offers no evidence of racial discrimination or harassment connected to a County policy or custom. In the absence of a policy or custom causing a constitutional deprivation, Mr. Murdock lacks an actionable section 1981 or 1983 claim.

The summary judgment decision further addressed alleged discrimination, harassment or

retaliation of Mr. Murdock to support a section 1981 or 1983 claim:

> As addressed above in connection with FEHA discrimination and harassment, Mr. Murdock lacks facts to support a section 1981 discrimination or harassment claim. Mr. Murdock's reliance on sporadic events up to six years prior to the filing of this action fails to sustain an actionable section 1981 claim.
>
> . . .
>
> Perhaps recognizing the absence of a section 1981 discrimination claim, Mr. Murdock offers nothing to support such claim. As discussed above, there is no evidence that Mr. Murdock was subject to retaliation for filing his DFEH charge or similar action.
>
> . . .
>
> Mr. Murdock offers nothing meaningful to support a section 1983 discrimination claim. There is no evidence that Mr. Murdock was subjected to disparate treatment based on his race.

In short, the record lacked evidence to raise a factual issue that the County had discriminated or retaliated against or harassed Mr. Murdock.

## DISCUSSION

### Attorney Fees Award Standards

California Government Code section 12965(b) authorizes an award of attorney fees and costs in a FEHA action:

> In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the action is filed by a public agency or a public official, acting in an official capacity.

Unlike a prevailing plaintiff, a "prevailing defendant, however, should be awarded fees under the FEHA only 'in the rare case in which the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Young v. Exxon Mobil Corp.*, 168 Cal.App.4th 1467, 1474, 86 Cal.Rptr.3d 507 (2008) (quoting *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal.App.4th 859, 864, 110 Cal.Rptr.2d 903 (2001)). Despite the discretionary language of California Government Code section 12965(b), "the statute applies only if the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious." *Mangano v. Verity, Inc.*, 167 Cal.App.4th 944, 949-950, 84 Cal.Rptr.3d 526 (2008).

/ / /

/ / /

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-422, 98 S.Ct. 694 (1978)[3], the U.S. Supreme Court outlined standards to guide district court discretion whether to award attorney fees to a prevailing defendant in a Title VII action:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

In *Rosenman*, 91 Cal.App.4th at 873-874, 110 Cal.Rptr.2d 903, the California Court of Appeal further addressed an attorney fees award to a prevailing defendant:

> The cases above demonstrate where the plaintiff's claim is frivolous, vexatious or unreasonable, it is appropriate to award attorney fees to the prevailing defendant. However, where the plaintiff presents a colorable claim, and particularly where the adverse jury verdict is less than unanimous, such an award is inappropriate in light of the very strong public antidiscrimination policy embodied in FEHA. Any other standard would have the disastrous effect of closing the courtroom door to plaintiffs who have meritorious claims but who dare not risk the financial ruin caused by an award of attorney fees if they ultimately do not succeed.

42 U.S.C. § 1988(b) provides that in "any action or proceeding to enforce a provision" of sections 1981 or 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The standard to award section 1988(b) attorney fees depends on which side prevails:

> The authorization of an award of attorney's fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs. . . . [A] prevailing defendant should not routinely be awarded attorney's fees simply because he has succeeded, but rather only where the action is found to be "unreasonable, frivolous, meritless, or vexatious" . . . Thus, the mere fact that a defendant prevails does not automatically support an award of fees.

*Vewrnon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

The Ninth Circuit has further held that "[a]ttorneys' fees in civil rights cases should only be

---

[3] Courts may apply federal authorities interpreting federal civil rights laws to address a FEHA attorney fees award. *See Linsley v. Twentieth Century Fox Film Corp.*, 75 Cal.App.4th 762, 766, 89 Cal.Rptr.2d 429 (1999).

awarded to a defendant in exceptional circumstances." *Brooks v. Cook,* 938 F.2d 1048, 1055 (9th Cir. 1991); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Thomas v. Douglas*, 877 F.2d 1428, 1434, n. 8 (9th Cir. 1989)(defendants' attorney's fees request denied although summary judgment for defendants).

A defendant may recover attorney fees from the plaintiff "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' . . . The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173 (quoting *Christiansburg Garment,* 434 U.S. at 421, 98 S.Ct. 694). A defendant may recover attorney fees if the plaintiff continued to litigate after a claim "clearly became" frivolous, unreasonable or groundless. *Hughes*, 449 U.S. at 15, 101 S.Ct. 173. In addition, attorney fees may be awarded to defend frivolous claims interrelated with non-frivolous claims. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1063-1064 (9th Cir. 2006).

Under section 1988(b), the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964 (1968); *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933 (1983).

A district court's decision on a section 1988 attorney fees award is reviewed for abuse of discretion. *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999).

With these standards in mind, this Court turns to the County's grounds to seek attorney fees.

### Frivolous, Vexatious Or Unreasonable

The County argues that Mr. Murdock's "case was groundless and without foundation" in that Mr. Murdock "attributed every employment decision which he did not like to his race, without any evidence of racial motivation." The County holds Mr. Murdock to more than assume that his race "factors into employment decisions." The County characterizes as "unreasonable" Mr. Murdock's claims of "alleged discrimination which occurred years before he brought his claims to the attention of the County." The County points to an absence of evidence even approximating actionable harassment. The County notes that Mr. Murdock's failure to establish a prima facie case of discrimination or retaliation further bolsters an attorney fees award. The County continues that Mr. Murdock's

1 discrimination and harassment claims "were based on acts he conceded were not motivated by racial
2 animus" and that he "simply chronicled a few incidents over many years which he attributed to his race
3 because he could think of no other reason why they occurred." The County concludes that Mr. Murdock
4 "continued to litigate when it was obvious his claims were based on speculation and conjecture."

5       Mr. Murdock devotes most of his opposition to rehash points to attempt to support his claims.
6 The County correctly notes Mr. Murdock's "narrative of the evidence he offered to defeat summary
7 judgment." Mr. Murdock appears to claim surprise by the County's summary judgment evidence in that
8 "Defendant produced evidence in support of its motion for summary judgment that was not produced
9 during discovery."[4] Distilled to its essence, the gist of Mr. Murdock's points is that he needed to file
10 a DFEH complaint and pursue claims to obtain a performance evaluation necessary for promotion.

11       "[L]ack of merit is not the proper standard for awarding attorney fees against a losing plaintiff
12 under Government Code section 12965, subdivision (b)." *Jersey v. John Muir Medical Center*, 97
13 Cal.App.4th 814, 830-831,118 Cal.Rptr.2d 807 (2002). Rather, the standard is as articulated in
14 *Christiansburg*, 434 U.S. 412, 98 S.Ct. 694: "Attorney fees should be awarded to a prevailing defendant
15 only where the action brought is found to be unreasonable, frivolous, meritless or vexatious, and the term
16 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the
17 plaintiff has ultimately lost his case." *Jersey*, 97 Cal.App.4th at 831,118 Cal.Rptr.2d 807 (internal
18 quotations and citations omitted).

19       The core of Mr. Murdock's claims is that he was denied timely performance reviews and in turn,
20 potential advancement based on race. Through the course of this litigation and in particular during his
21 deposition, Mr. Murdock raised other issues. Mr. Murdock's DFEH charge establishes the scope of his
22 claims in this action and such scope is limited to his delayed evaluations based on his race. In other
23 words, Mr. Murdock was limited to a delayed evaluation claim. Mr. Murdock's chief misjudgment, in
24 context of this attorney fees motion, was not to focus on his core claim alone.

25       During Mr. Murdock's deposition, defense counsel fully explored the universe of Mr. Murdock's
26 potential claims and successfully defeated such potential claims on summary judgment. This Court finds

---

[4] The County notes that Mr. Murdock "does not identify the evidence which was not produced during discovery" and does not contend "that such information was a surprise or that its production was wrongfully delayed."

8

no fault in defense counsel's extensive probing of all of Mr. Murdock's griefs. However, many of such griefs were akin to straw men which the County easily knocked down. Although this Court questions Mr. Murdock's stretching beyond his untimely performance claim, this Court concludes that the untimely performance claim was not unreasonable, frivolous, meritless or vexatious. Such claim in conjunction with those on which Mr. Murdock piggy backed to it inched to the border of frivolous, unreasonable and without foundation but barely did not cross such border. This Court recognizes the County's frustration to continue to litigate claims which it contends were obviously invalid. Nonetheless, the universe of Mr. Murdock's claims was limited to untimely performance evaluations and matters arising after March 25, 2007. The County was aware that any other claims were barred yet continued to pursue a defense of clearly barred claims to contribute to generate attorney fees. Given the disfavor to award defendants attorney fees, this Court grants Mr. Murdock the benefit of the doubt and admonishes his counsel to screen and evaluate critically those cases which she pursues and continues to pursue.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES the County an attorney fees award.

IT IS SO ORDERED.

**Dated:   January 4, 2011**                         /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE